IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES EARL BOWIE, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:18-CV-155 |
| SYLVESTER WARREN, ET AL. | § | |

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff James Earl Bowie, Jr., a prisoner currently confined at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Sylvester Warren, Jose F. Luna, and the Management and Training Corporation.

The Court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing the action pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief may be granted.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation, and he filed two amended complaints.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

The Magistrate Judge recommended dismissing plaintiff's civil rights claims as frivolous and for failure to state a claim. Plaintiff amended his complaint to raise claims of negligence, defamation, and creating a public nuisance. Plaintiff contends the Court has diversity jurisdiction over the state law claims.

Federal courts have diversity jurisdiction in cases between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The party who invokes diversity jurisdiction bears the burden of establishing the amount in controversy. *Hartford Ins. Group v. Lou-Con, Inc.,* 293 F.3d 908, 910 (5th Cir. 2002). In addition, the diversity statute requires complete diversity of citizenship. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). As a result, the district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as one or more of the defendants. *Id.*

Plaintiff contends there is diversity because he is a Texas resident, and the Management and Training Corporation is incorporated in Utah. However, plaintiff identified two individual defendants with Texas mailing addresses. Because plaintiff did not allege facts demonstrating complete diversity of citizenship between himself and the defendants, the Court lacks subject matter jurisdiction over his state law claims. In accordance with 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over the state law claims.

## ORDER

Accordingly, plaintiff's objections (document no. 21) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate

Judge (document no. 19) is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation.

So **ORDERED** and **SIGNED January 30, 2019.**

_____
Ron Clark, Senior District Judge